**"O"**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ROBERT A. EASLEY,          ) | Case No. EDCV 05-01056-MLG |
|                            ) | |
|             Plaintiff,     ) | ORDER AFFIRMING DECISION |
|                            ) | OF COMMISSIONER |
|       v.                   ) | |
|                            ) | |
| JO ANNE B. BARNHART,       ) | |
| Commissioner of the        ) | |
| Social Security            ) | |
| Administration,            ) | |
|                            ) | |
|             Defendant.     ) | |

The Court now rules as follows with respect to the one disputed issue[1] listed in the Joint Stipulation ("JS").[2]

\\

---

[1] A second disputed issue is listed in the pleadings. However, neither party has formally addressed it. The Court deems this "second issue" to be abandoned.

[2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

Plaintiff filed applications for Supplemental Security Income benefits on August 23, 1999 and October 20, 2000. (AR at 103, 99). Both applications were denied initially and upon reconsideration. Plaintiff timely filed a request for a hearing. Those hearings were held on July 18, 2002 and November 21, 2002 in Orange, California before Administrative Law Judge ("ALJ") Thomas Gaye. (AR at 40, 59). On January 10, 2003 the ALJ issued an unfavorable decision. On February 19, 2003, Plaintiff timely filed a Request for Review of the Hearing Decision. (AR at 7). The Appeals Council denied review on April 9, 2003. (AR at 4).

Plaintiff then commenced a civil action in this Court. *Easley v. Barnhart*, Case No. EDCV 03-581-MLG. (AR 218, 221). On January 7, 2004, this Court remanded the matter, upon the stipulation of the parties, and ordered the ALJ "to further evaluate the credibility of Plaintiff's subjective complaints." (AR at 221-22). The March 15, 2004 remand order stated that "[f]urther evaluation of the claimant's subjective complaints is needed, under criteria in SSR 96-7p, particularly such factors as specific course of treatment, activities of daily, [sic] medication and efforts to relieve pain. The decision should include a more specific discussion of the physical and mental demands of past relevant work, under criteria in SSR 00-4p." (AR at 223).

After remand, a third administrative hearing was held on November 17, 2004 before ALJ Milan M. Dostal. (AR at 339). ALJ Dostal issued an unfavorable decision on June 15, 2005. (AR at 194). On July 15, 2005, Plaintiff timely filed a Request for Review of the Hearing Decision. (AR at 192). On October 13, 2005, the Appeals Council denied review. (AR at 189). Plaintiff commenced the present action on November 25, 2005.

Plaintiff contends that the ALJ erred in finding that Plaintiff's claims and testimony were not fully credible without providing "clear and convincing" reasons for rejecting them. (JS at 6). Specifically, Plaintiff claims that "[t]he ALJ neither specifically identified what portions of the Plaintiff's testimony he found not credible, nor did the ALJ provide specific evidence that undermined that Plaintiff's testimony." (JS at 6). The Commissioner claims that the ALJ provided an extensive and well-supported credibility analysis. My review of the record reveals that the ALJ properly evaluated Plaintiff's testimony.

In order to establish disability, Plaintiff was required produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the symptoms alleged, which in this case included various aches and pains, shortness of breath and memory loss. (AR at 198). *See Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). Once a claimant has produced such evidence, the Commissioner may not reject the claimant's subjective complaints based solely on a lack of fully corroborative objective medical evidence. *Id*. Unless there is evidence that a claimant is malingering, the ALJ may only reject the claimant's testimony regarding the severity of his symptoms by making "specific findings stating clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Under this standard, it is not sufficient for the ALJ to make general findings about the claimant's testimony. *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Rather, the ALJ must identify which testimony is not credible and the specific evidence that suggests that the testimony is not credible. *Id.; Morgan v. Commissioner of the Social Security Administration*, 169

F.3d 595, 599 (9th Cir. 1999).

In his decision, the ALJ found that Plaintiff did not establish a medically determinable impairment which would reasonably be expected to produce the limitations and symptoms Plaintiff claimed.[3] (AR at 201). This determination was substantially supported by the evidence in ther record. Plaintiff did not satisfy his burden of presenting objective

---

[3] In his decision, the ALJ stated: "Nonetheless, the claimant maintains he is unable to work due to his alleged subjective symptoms. However, the undersigned notes the claimant has not established a medically determinable impairment which would reasonably be expected to produce such limitations. Indeed, of the four physical consultative examinations, two found no significant objective findings and concluded the claimant was capable of a full range of heavy work, while a third concluded he was capable of a full range of medium work. Even Dr. Boddie, who noted numerous findings which were inconsistent with the other three physical consultative examiners, concluded the claimant was at least capable of light work. His own treating physician also indicated the claimant was at least capable of light work. Five separate physicians, including a treating physician, concluded the claimant was capable of light work or greater. Only Dr. Patel concluded the claimant was limited to less than light, and he provided no objective basis for such a limitation. The claimant's psychological evaluations were normal with no apparent functional limitation. His radiographs have shown some moderate findings, which the last consultative examiner noted were consistent with the claimant's age. The claimant's allegations are contradicted by his own medical records. There is no objective evidence of any memory impairment. The claimant is not describe as a surgical candidate, nor is there any evidence he has required extended periods of hospital confinement, emergency room treatment, use of a TENS unit, participation in a pain control clinic, or other extensive or significant forms of treatment commonly prescribed for intense pain. The claimant has no consistent abnormalities of gait, nor are any assistive devices required. While the claimant asserted a chronic and debilitating pain syndrome of extended duration, it is noted he exhibited no evidence of diffuse atrophy or muscle wasting, common indicators of chronic pain. At the hearing, the claimant's thoughts did not seem to wander and all questions were answered alertly and appropriately. There is no credible evidence of regular usage of strong medication to alleviate pain that would significantly impair the claimant's ability to do basic work activities. There was no evidence in the medical record of any significant side effects. Accordingly, the undersigned concludes the claimant's testimony and evidence, although appearing sincere, is not fully credible regarding the extent, intensity and duration of the alleged subjective symptoms and functional limitations and restrictions." (AR at 201-02).

medical evidence that he suffers from an underlying impairment which can reasonably be expected to produce the symptoms alleged. *See Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004); *Rollins*, 261 F.3d at 855; *Sarchet v. Chater*, 78 F.3d 305 (7th Cir. 1996).  As the ALJ discussed in his decision, Plaintiff's allegations of symptoms and limitations are not supported by the medical records.  For the reasons stated here and at pages 7-10 of the Joint Stipulation, the decision of the Commissioner must be affirmed.

### Order

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security, and dismissing this action with prejudice.

DATED: August 8, 2006              */S/ Marc L. Goldman*
                                   _____
                                   Marc L. Goldman
                                   United States Magistrate Judge